UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE TRUSTEES OF THE LOCAL 111             ECF
PENSION FUND,

                        Plaintiffs,

      - against -                           **COMPLAINT**

MANHATTAN IGNITION CORP.,                 2:19-CV- ()()

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs, the Trustees of the Local 111 Pension Fund (the "Trustees"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

       1.    This action is brought by the Trustees in their capacities as fiduciaries of the Local 111 Pension Fund (the "Fund") against Manhattan Ignition Corp. ("Manhattan") a former participating employer which owes the Fund withdrawal liability payments pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

       2.    The jurisdiction of this court is invoked pursuant to Sections 502(a) and (e) and Sections 4301(a) and (c) of ERISA, 29 U.S.C. §§ 1132(a) and (e), 1451(a) and (c).

## VENUE

       3.    As the Fund is administered at 2137-2147 Utica Avenue, Brooklyn, New York, which is within the Eastern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

1

## THE PARTIES

4. The Fund is an "employee pension benefit plan," an "employee benefit plan" and a "multiemployer plans" as those terms are defined by Sections 3(2), 3(3) and 3(37), respectively, of ERISA, 29 U.S.C. §§ 1002(2), 1002(3) and 1002(37).

5. The Plaintiff Trustees have been, at all times material hereto, the "plan sponsor" of the Fund, as that term is defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the Fund, as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Manhattan was, at all times material hereto, an "employer," as that term is defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 45-15 Davis Street, Long Island City, New York.

## RELEVANT FACTS

7. On or about July 22, 2019, Manhattan permanently ceased to have an obligation to make contributions to the Fund, causing a complete withdrawal from the Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, Manhattan incurred withdrawal liability within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

8. The Trustees requested that the Fund's actuary determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by Manhattan to the Fund. The Fund's actuary initially estimated Manhattan's withdrawal liability, based on the Fund's actuarial valuation as of December 31, 2018, to be $46,648.

9. Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), and, by letter dated June 28, 2019, which was sent via First Class Mail, the Fund notified Manhattan that estimated withdrawal liability was due to the Fund in the amount of $48,806 and demanded

payment of withdrawal liability in quarterly payments of $872 each, with the first payment due no later than sixty days after the date of the letter and subsequent payments due every three months beginning on September 1, 2019, until a total of eighty (80) payments have been made.

10. Notwithstanding the foregoing, Manhattan failed to remit both its first payment and the first quarterly payment due by September 1, 2019.

11. By letter dated September 6, 2019, which was sent via certified mail, return receipt requested and signed for by Manhattan, counsel for the Fund advised Manhattan that:

a. its quarterly withdrawal liability installment payment in the amount of $872 payable September 1, 2019 was past due;

b. the company was in default under Section 4219(c)(5) of ERISA; and

c. if the company failed to cure its default within 60 days of the letter, Manhattan would become liable for the entire amount of the unpaid withdrawal liability.

12. Manhattan refused to accept delivery of the Certified Mail. Additional copies of the letters were sent via overnight carrier and First Class Mail on September 16, 2019. Manhattan refused to accept the overnight delivery.

13. Once again, Manhattan failed to remit payment to the Fund.

14. Defendant has failed to request review of any specific matter related to the determination of withdrawal liability or identify any inaccuracy in the determination of unfunded vested benefits in accordance with Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

15. Defendant has not initiated arbitration of the withdrawal liability assessment as permitted by Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

16. Defendant failed to cure the foregoing default by remitting payment of its outstanding withdrawal liability payment on or before November 6, 2019.

17. As a result of its failure to cure its default, Defendant is now liable to the Fund for the full amount of its withdrawal liability, to wit, $46,648.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 17 as if set forth fully herein.

19. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), as a result of its default, Manhattan is now obligated to pay the Fund the entire amount of its withdrawal liability, to wit, $46,648.

20. Pursuant to Sections 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Manhattan is also liable to the Fund for interest on the foregoing amount, liquidated damages, the costs of collection and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against the Defendant, awarding the Fund:

(a) unpaid withdrawal liability in the amount of $46,648, as provided by ERISA Section 502(g)(2)(A), 29 U.S.C.§ 1132(g)(2)(A);

(b) interest on the unpaid withdrawal liability from the date payment was due through the date payment is made, as provided by ERISA Section 502(g)(2)(B), 29 U.S.C.§ 1132(g)(2)(B);

(c) liquidated damages equal to the greater of (i) 20% of the amount of withdrawal liability due or (ii) the amount of interest due, as provided by ERISA Section 502(g)(2)(C), 29 U.S.C.§ 1132(g)(2)(C);

(d) reasonable attorneys' fees and the costs of this action, as provided by ERISA Section 502(g)(2)(D), 29 U.S.C.§ 1132(g)(2)(D); and

      (e)      such other and further relief as the Court deems appropriate.

Dated: New York, New York
      December 9, 2019

                          CARY KANE LLP

                          /s/
                        By: Owen M. Rumelt
                        *Attorneys for Plaintiffs*
                        1350 Broadway, Suite 1400
                        New York, New York  10018
                        (212) 868-6300