UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

THE TRUSTEES OF THE LOCAL 111 PENSION FUND,

Plaintiff,

-against-

MANHATTAN IGNITION CORP.,

Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-6888 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

The Trustees of the Local 111 Pension Fund ("The Trustees") brought this action against Manhattan Ignition Corp. ("Manhattan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 4201, *et seq.* *See* Compl. ¶ 1 (Dkt. #1). The Trustees allege that Manhattan was a participating employer in the Local 111 Pension Fund but then completely withdrew, thereby incurring withdrawal liability. *See id.* ¶¶ 1, 6, 7. The Trustees seek an award that covers (i) unpaid withdrawal liability, (ii) interest on unpaid withdrawal liability, (iii) liquidated damages, (iv) attorneys' fees and (iv) costs. *See id.* at 4-5.

Manhattan was served with the complaint and a summons, *see* Aff. of Service (Dkt. #6), but never appeared. The Clerk of Court certified their default. *See* Certificate of Default (Dkt. #9). The Trustees then moved for default judgment. *See* Notice of Mot. (Dkt. #10). That motion was referred to Judge Orenstein for a report and recommendation. *See* Dkt. Entry (May 19, 2020).

Judge Orenstein recommends that default judgment be entered. *See* Report & Recommendation ("R. & R.") 9 (Dkt. #26). Judge Orenstein concludes that the complaint sufficiently alleged that Manhattan had withdrawal liability under 29 U.S.C. §§ 1381 and 1383

because Manhattan was a participating employer that permanently ceased to have an obligation to contribute under the plan. *See id.* at 4. Judge Orenstein also concludes that Manhattan was properly notified of its liability, and that it did not seek review of the assessment. *See id.* at 5.

Accordingly, Judge Orenstein recommends that the Trustees are entitled to the relief requested in the complaint. *See id.* at 6-9. Specifically, he recommends that the Trustees receive $46,648 in damages because Manhattan failed to respond to this demand, *see id.* at 6; $2,435.74 in accrued interest, *see id.* at 7; $9,329.60 in liquidated damages, *see ibid*; $9,080 in attorneys' fees, *id.* at 8; and $400 in costs, *id.* at 9.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). No party has objected to the R. & R. within the time required by 28 U.S.C. § 636(b)(1).

When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g., Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). I have reviewed Judge Orenstein's report and recommendation and, having found no clear error, adopt it in substantial part. The motion for default judgment is granted. The Trustees are awarded $46,648 in withdrawal liability; $9,329.60 in liquidated damages; $9.080 in attorneys' fees; and $400 in costs. I modify the award of accrued interest so that it reflects interest through today's entry of

judgment. The Clerk of Court is directed to calculate and award interest on defendant's outstanding withdrawal liability from September 1, 2019 through today's date.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: January 25, 2021
Brooklyn, New York